UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>             Plaintiff,<br>vs.<br><br>LEONARD FINK.<br><br>             Defendant. | CASE NO. 08cv1869-L(NLS)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND (3) DISMISSING COMPLAINT** |

    Plaintiff Grace L. Sandoval, proceeding *pro se*, has submitted a complaint pursuant to 18 U.S.C. § 1962. With the complaint Plaintiff filed a Motion to Proceed *in Forma Pauperis* and a Request for Appointment of Counsel.

    All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's declaration shows she has insufficient income and assets to pay the filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is granted.

    The court is obligated to review a complaint filed *in forma pauperis* and must dismiss it if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune

1  from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th
2  Cir. 2001). "[W]hen determining whether a complaint states a claim, a court must accept
3  as true all allegations of material fact and must construe those facts in the light most
4  favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

5       A complaint will be considered frivolous, and therefore subject to dismissal under
6  § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." *Nietzke v.*
7  *Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33
8  (1992). A federal court cannot properly *sua sponte* dismiss an action commenced *in forma*
9  *pauperis* applicant if the facts alleged in the complaint are merely "unlikely." *Denton*, 504
10 U.S. at 33. However, a complaint may be properly dismissed *sua sponte* if the allegations
11 are found to be "fanciful," "fantastic," or "delusional," or if they rise to the level of the
12 irrational or the wholly incredible." *Id*. In addition, cases which "merely repeat[] pending
13 or previously alleged claims" may be dismissed as frivolous. *Caro v. United States*, 70
14 F.3d 1103, 1105 n.2 (9th Cir. 1995). If a case is classified as frivolous, "there is, by
15 definition, no merit to the underlying action and so no reason to grant leave to amend."
16 *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (*en banc*).

17      Plaintiff claims her action arises under the Racketeer Influenced and Corrupt
18 Organizations Act ("RICO"), 18 U.S.C. § 1962(a), (b), (c) and/or (d). (*See* docket no. 1,
19 Civil Cover Sheet.) Pursuant to 18 U.S.C. § 1964(c), "[a]ny person injured in his business
20 or property by reason of a violation of section 1962 of this chapter may sue therefor in any
21 appropriate United States district court . . .."

22      Neither the complaint nor the accompanying RICO Case Statement is sufficient to
23 state a claim. In a 33-page complaint, devoid of any headings or even paragraphs, Plaintiff
24 offers a stream-of -consciousness account of alleged criminal activity.

25      The allegations are essentially the same as those Plaintiff made in *Sandoval v. Pina*,
26 case no. 08cv1297-L(LSP). The complaint is therefore dismissed as frivolous. *See Caro*,
27 70 F.3d at 1105 n.2.
28 / / / / /

In the alternative, as with Plaintiff's prior allegations, her current allegations of assault, personal injuries, rape, kidnaping, and burglary, allegedly perpetrated by Defendant and other persons whose connection to Defendant is unclear, are insufficient to state a RICO claim. "A civil RICO claim requires allegations of the conduct of an enterprise through a pattern of racketeering activity that proximately caused injury to the plaintiff." *Swartz v. KPMG LLP*, 476 F.3d 756, 760-61 (9th Cir. 2007). Specifically, the "elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). To establish liability, "one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Id*. The allegations in the complaint do not provide a basis for an inference that the alleged criminal activity was a part of an enterprise or that Defendant was engaged in such an enterprise. Accordingly, the complaint is dismissed because it fails to state a claim for a civil RICO violation.

Finally, Plaintiff's allegations are fanciful and fantastic rather than merely unlikely. An example of Plaintiff's "wholly incredible" allegations is that

> Leonard Fink is joined with the orphans that have multiple diseases in taking large amounts of human blood from Americans in San Diego County, California and many other counties in California where he, Leon Fink travels in his blue Toyota truck. Leonard Fink is operating dialysis machines illegally in private homes by forcing into private homes to take human blood illegally. . . . Leonard Fink is joined with registered nurses from the country of Phillippines that are employed at the U.C.S.D. Medical Center, W. Arbor, San Diego, California in operating dialysis machines illegally in private homes. The registered nurses employed at U.C.S.D. Medical Center, W. Arbor, San Diego, California have false degrees.

Another example is that

> Leonard Fink forces into private homes to steal money, food, etc. for his heroin addiction, etc. Leonard Fink relative . . . Virginia Cuthriel was employed for the Welfare Department, La Mesa, California. [She] informed Leonard Fink of all my information when I . . . was a student at San Diego State University, San Diego, California where I . . . was invaded by many illegals, orphans, criminals, drug addicts, etc. involved with the German families in San Diego County, California including Robert Goodman Sr. that claims to be a United States veteran. . . . [He] invaded my relative, the star

Elvis Presley in La Miranda, California with many drug addicts including the orphan, O.J. Simpson and his gay love, Patrick J. Clark. Robert Goodman Sr. planned to invade all Hollywood stars . . . with illegal drug and harmful substances from Mexico. Robert Goodman Sr. invaded Elvis Presley with an Indian from Rincon Indian Reservation, San Diego, California, Priscilla Spencer.

Although in some cases it may be difficult to judge whether a plaintiff's factual allegations are truly "fanciful," "fantastic," or "delusional" as opposed to merely "unlikely," this is not such a case. *See Denton*, 504 U.S. at 33. These allegations "rise[] to the level of irrational or the wholly incredible." *Id*. Accordingly, the complaint is dismissed as frivolous. *See Lopez*, 203 F.3d at 1127 n.8.

Based on the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Further, the complaint is **DISMISSED WITHOUT LEAVE TO AMEND.** Plaintiff's motion for appointment of counsel is **DENIED** as moot..

**IT IS SO ORDERED**.

DATED: October 24, 2008

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL